George M. Burr et al., Committee and Trustees, Appellees, v. George K. Wentworth et al., on appeal of the Fort Dearborn National Bank, Appellant.

Gen. No. 22,669.    (Not to be reported in full.)

Interlocutory appeal from the Circuit Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed November 14, 1916.

## Statement of the Case.

Bill in chancery by George M. Burr, John L. Stoddard and J. W. Watzek, as a committee and trustees, etc., complainants, against George W. Wentworth et al., defendants, in the Circuit Court of Cook county. From an interlocutory order appointing a receiver, defendant Fort Dearborn National Bank appeals.

The bill combined the features of a creditor's bill and one in aid of execution. The order was based on the verified bill and an affidavit showing why the application was made without notice. The bill alleged an unlawful conspiracy between defendant Wentworth and others to defraud creditors. The material averments relating to defendant Fort Dearborn National Bank are that it was a party to a colorable and fraudulent sale to one George K. Wentworth, Jr., son of defendant Wentworth, of property rightfully subject to the payment of complainants' judgment, consisting in the sale to said Wentworth, Jr., under power of attorney contained in a collateral note by defendant Wentworth to defendant Fort Dearborn National Bank, of certain shares of stock and other property, real or personal, not specifically known, of which discovery is sought, and that defendant Fort Dearborn National Bank claimed some right or interest in the property "under some pretended claim, obligation or

debt of George K. Wentworth, Jr.," in pursuance of the conspiracy.

ADAMS, CREWS, BOBB & WESCOTT, for appellant; EL-MER H. ADAMS and E. C. TOURJE, of counsel.

PAM & HURD, for appellees; MAX PAM, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. RECEIVERS, § 19*—*how title to property affected by appointment.* The appointment of a receiver does not affect the title of any person in the property of which the receiver takes possession, nor will it devest any valid lien thereon acquired in good faith, but the possession of the receiver will be subject thereto.

2. RECEIVERS, § 28*—*what owner of property wrongfully taken by receiver may do.* Where a receiver takes possession of property belonging to one other than the principal defendant, or to which such other person has a superior claim, such person is not without remedy, but may apply to the court appointing the receiver for its restoration.

3. RECEIVERS, § 8*—*when claimant to property not prejudiced by appointment of receiver without notice.* Where it affirmatively appears from a creditor's bill that a receiver appointed under the bill does not have possession or title to any known property alleged to belong to the principal defendant and cannot acquire possession in which an appellant is alleged to claim some indefinite interest until a discovery, prayed for in the bill, is had, such appellant is not prejudiced by an interlocutory order appointing the receiver although it had no notice of the application therefor, since if such appellant was entitled to notice, it will have a right to be heard in the proceedings for the discovery.

4. APPEAL AND ERROR, § 1203*—*when effect of interlocutory order appointing receiver cannot be raised on appeal.* Where a creditor's bill alleges an illegal conspiracy between the principal defendant and others, parties to the bill, whereby colorable sales of property alleged to belong to the principal defendant were made with intent to defraud creditors, a defendant other than the principal defendant cannot, on appeal from an interlocutory order appointing a receiver,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

raise the point that the order is too sweeping in its effect on the rights of the principal defendant, where it appears from the bill that there can be no disturbance of possessory rights until discovery, which is prayed for, is had, since such an appeal raises only questions of possessory rights.